UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-415-MOC-DCK

Duke Energy Carolinas, LLC,

    Plaintiff,

  v.

WP RE Ventures 1, LLC,

    Defendant.

**ORDER**

    This matter comes before the Court on the Motion of Plaintiff, Duke Energy Carolinas, LLC ("Plaintiff"), to enter a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against Defendant, WP RE Ventures 1, LLC ("Defendant"), as to the claims set forth in Plaintiff's Complaint against Defendant. (Doc. No. 9). Defendant has failed to timely respond to the Summons and Complaint duly served upon it on August 24, 2022, as set forth in the Affidavit of Jason Laning, which accompanies Plaintiff's Motion for Default Judgment.

    **THEREFORE**, it is **ORDERED** that judgment by default is hereby entered against Defendant as to all claims set forth in and for all the relief sought in Plaintiff's Complaint.[1]

    **IT IS DECLARED** that: Pursuant to the authority granted to it by the Federal Power Act, the Federal Energy Regulatory Commission issued a license to Plaintiff to operate and maintain the Catawba-Wateree Hydroelectric Project ("Project") including the lands and waters

---

[1] Compl. pp. 13–14; DIRECTV Inc. v. Rawlins, 523 F.3d 318, 329 (4th Cir. 2008) (The defendant, "by his default, has lost the ability to contest the well-pleaded allegations of the complaint[.]"); U.S. v. Approximately $12,000.00 in U.S. Currency, No, 1:21-CV-00237, slip op. at 1 (W.D.N.C. Jan. 24, 2022) ("Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint.").

1

within the "Project Boundary," as that term is used in the Complaint.[2] Defendant owns the land above the Project Boundary, and Plaintiff owns the property within the Project Boundary.[3] Federal law required Plaintiff to develop, implement, and enforce the Shoreline Management Plan ("SMP") and Shoreline Management Guidelines ("SMG") (collectively, "Plan and Guidelines").[4] The Plan and Guidelines provide procedures and criteria used to regulate activities within the Project Boundary and provide that a subsequent purchaser is bound by the responsibilities associated with a permit, including the penalties previously assessed against its predecessors-in-title.[5]

Defendant's predecessor-in-title was approved for a permit for the construction of a dock ("Permit") on 15196 Henry Lane, Huntersville, North Carolina ("Property"), within the Project Boundary and adjacent to the Property subject to the terms of the Plan and Guidelines.[6] After issuance of the Permit, Defendant's predecessor-in-title removed and/or cut vegetation on three (3) separate occasions within the Project Boundary and on Plaintiff's fee-owned real property in violation of the Plan and Guidelines.[7] Plaintiff assessed certain penalties against Defendant's predecessor-in-interest pursuant to the provisions of the Plan and Guidelines, as set forth more fully in the Complaint.[8] Defendant acquired the Property by virtue of a North Carolina General Warranty deed dated December 2, 2021, which was recorded in the Office of the Register of Deeds for Mecklenburg County, North Carolina on December 3, 2021, at Book 36834, Pages

---

[2] Compl. ¶ 9; Duke Energy Carolinas, LLC, 153 FERC ¶ 62,134 at pp. 1, 85 (Nov. 25, 2015).
[3] Compl. ¶ 15.
[4] Compl. at ¶ 10; 153 FERC ¶ 62,134, at pp. 108–11.
[5] Compl. ¶ 11-12; *Plan and Guidelines*, § 4.B.31. at p. C-51.
[6] Compl. ¶ 16, 20; 1/7/08 Permit Application Approval Ltr. [Doc. No. 38-7].
[7] Compl. ¶ 22.
[8] Id. at ¶ 25; 1/22/19 Ltr. from C. King to D. Ehmann [Doc. No. 38-20].

2

596-597.[9] As such, Defendant acquired the Property subject to the outstanding penalties assessed by Duke Energy.[10]

**IT IS FURTHER ORDERED** that Defendant, the current owner of the Property, is bound by the responsibilities associated with the permit and penalties previously assessed against its predecessor-in-title, as are Defendant's successors, lessees, heirs, and/or assigns.

**IT IS FURTHER ORDERED** that within thirty (30) days of the order's date, Defendant shall remove the dock that is the subject of Plaintiff's Complaint in full compliance with state and federal law and restore any disturbed areas of the Project Boundary and Project lands associated with the removal of the dock, and submit to Duke Energy for approval an Engineered Restoration Plan, all as sought in Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that if Defendant fails to timely, properly, and completely remove the dock and restore the disturbed areas of the Project Boundary and Project lands associated with the removal of the dock, or fails to submit an Engineered Restoration Plan to Duke Energy, within thirty (30) days of the date of the order, Duke Energy may, at its option:

1. Seek an order of the Court holding Defendant in contempt and/or seeking sanctions for its failure to comply with the Court's order; and/or

2. Duke Energy and any and all other persons acting on its behalf shall have the right to remove the dock and restore the disturbed areas of the Project Boundary and Project lands, including any area that would be encompassed within any Engineered Restoration Plan, at any time after the expiration of the thirty-day deadline, without prior notice to Defendant or further action of the Court and then seek a money judgment in this action against Defendant for the cost

---

[9] Compl. ¶ 54.
[10] Compl. ¶ 11–12; *Plan and Guidelines*, § 4.B.31. at p. C-51.

of such removal, restoration of the Project Boundary and Project lands associated with the removal of the dock, and/or the development, implementation, and monitoring of an Engineered Restoration Plan.

**IT IS FURTHER ORDERED** that this Order shall be recorded in the office of the Register of Deeds for Mecklenburg County by Plaintiff, and it shall serve as an obligation and restriction appurtenant to, running with, and burdening the Property, and shall bind Defendant and its successors, lessees, heirs, and/or assigns.

**IT IS SO ORDERED**.

Signed: October 18, 2022

Max O. Cogburn Jr
United States District Judge